USCA1 Opinion

 

 December 23, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 91-2249 UNITED STATES OF AMERICA, Appellee, v. RUBEN E. ZORRILLA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Brody,* District Judge. ______________ _____________________ Jeffrey L. Baler for appellant. ________________ Margaret E. Curran, Assistant United States Attorney, with __________________ whom Lincoln C. Almond, United States Attorney, and Kenneth P. _________________ __________ Madden, Assistant United States Attorney, were on brief for ______ appellee. ____________________ ____________________ ____________________ * Of the District of Maine, sitting by designation. TORRUELLA, Circuit Judge. In this appeal, appellant ______________ alleges that the district court erred in determining that he entered a guilty plea voluntarily and knowingly, and in failing to establish a factual basis for the plea. Due to these errors, appellant asks us to vacate his plea so that he may plead anew. We cannot grant appellant the relief he seeks and we thus affirm the actions of the district court. FACTS FACTS _____ In April 1991 police obtained a search warrant for appellant's apartment in Providence, Rhode Island, which appellant shared with Sophia Soto, his girlfriend. When the police entered the home they found 125.68 grams of cocaine, a loaded pistol, cash, and other items. Appellant confessed to a government agent that the firearm belonged to him. Appellant and Soto subsequently were charged with conspiracy to distribute and to possess with intent to distribute cocaine under 21 U.S.C. 846, possession with intent to distribute cocaine under 21 U.S.C. 841(a)(1) and 18 U.S.C. 2, and possession of a firearm during and in relation to a drug trafficking charge under 18 U.S.C. 924(c)(1). At his initial appearance, appellant pled not guilty to the charges. Appellant later asked to change his plea pursuant to an agreement with the government. Under the agreement appellant would plead guilty to each charge, and in return the government would recommend the minimum sentence. Additionally, the government would not call appellant to testify against co- defendant Soto. At the change of plea hearing the district court judge announced that he would ask appellant a number of questions concerning the plea. The judge also informed appellant that if he did not understand anything he should inform the judge. An interpreter aided appellant, who is a citizen of the Dominican Republic. The district court first asked appellant about his educational background, and appellant replied that he completed one year of high school in the Dominican Republic.1 The judge also asked whether appellant had taken any drugs or alcohol within the previous 24 hours, and appellant denied doing so. Appellant's counsel then assured the court that appellant understood the proceedings and was acting voluntarily. Appellant also expressed satisfaction with counsel's representation. The judge proceeded to inform appellant of the rights he would waive by pleading guilty, and asked whether appellant understood these rights. The judge discussed individually the right to trial by jury, the need for a unanimous vote by the jury, the existence of a presumption of innocence, and other relevant rights. Appellant affirmed that he understood each of these rights and his assent to waive them. Appellant then stated that he understood the charges against him, but that he wanted the judge to review the maximun ____________________ 1 In spite of this answer, a dispute exists as to how much education appellant has completed. The presentence report states that appellant completed some college education in the Dominican Republic. -3- sentences. The district court judge thus recited the maximum allowable sentence on each count, asking after his recitation on each count "Do you understand that?" Appellant responded affirmatively as to each count. The district court judge then asked appellant "Would you tell me in your own words what you understand the charges to be? Do you know what the charges are?" In response, appellant summarized each of the three charges. The judge himself then summarized each charge, again asking appellant whether he understood each charge. The judge also determined that counsel explained to appellant that the plea agreement was not binding upon the court, and that appellant could not revoke his plea if the court imposed a higher sentence than the minimum. The judge once again summarized the charges, and at this point accepted the guilty plea. Thereafter a probation officer prepared a presentence report containing a statement signed by appellant describing the crimes and an offense level recommendation. The district court judge sentenced appellant in accordance with the government's recommendations. The judge imposed the minimum sentence allowed for appellant's offense level, and ordered that upon completion of the prison term appellant would participate in a substance abuse program, pay the costs of supervised release, and be surrendered to the Immigration and Naturalization Service. LEGAL ANALYSIS LEGAL ANALYSIS ______________ Appellant alleges two errors by the district court. -4- Appellant first contends that the district court failed to ensure that appellant understood the nature of the charge underlying his plea, in violation of Fed. R. Crim. P. 11(c)(1).2 Appellant next contends that the district court judge failed to establish a factual basis for the guilty plea at the change of plea hearing, in violation of Fed. R. Crim. P. 11(f) and 11(g).3 On this basis, appellant urges us to vacate his plea and allow him to plead again. As to appellant's first argument, we note that "[t]here is no talismanic test" for ensuring compliance with this rule. United States v. Allard, 926 F.2d 1237, 1245 (1st Cir. _____________ ______ 1991). We must look at the circumstances of the case to determine whether the district court informed the defendant of the charges, and determined that the defendant understood them. Id. at 1244. ___ In this case, we are struck with the district court judge's thorough explanation of the charges and searching inquiry ____________________ 2 This rule states that "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: (1) the nature of the charge to which the plea is offered . . . ." Fed. R. Crim. P. 11(c)(1). 3 Rule 11(f) states that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed. R. Crim. P. 11(f). Rule 11(g) states that a "verbatim record of the proceedings at which the defendant enters a plea shall be made" including "the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea." Fed. R. Crim. P. 11(g). -5- into appellant's understanding of them. Indeed, appellant knew to ask the judge about an area which confused him -- the maximum sentences which could be imposed on him. When the judge recited the maximum sentences, appellant indicated that he understood them. Given the district court judge's repeated summaries of the charges and efforts to ensure appellant's full understanding of them, we cannot say that the district court judge failed to comply with the requirements of Rule 11(c)(1) in determining that appellant understood the charges. We therefore reject appellant's first argument. As to appellant's second argument, the government concedes that the district court failed to establish a factual basis for the guilty plea at the hearing, and we acknowledge the district court's failure in this regard. Nonetheless, we are not convinced that this error gives appellant the right to plead anew. Rule 11(h) states in unmistakable terms that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed. R. Crim. P. 11(h). Thus, absent a showing of prejudice to appellant, we cannot grant relief. As we stated in Allard, "[m]ere technical ______ violations . . . do not warrant setting aside a plea." Allard, ______ 926 F.2d at 1244. Appellant has failed to allege any prejudice flowing from this error, and we can find none. The lack of prejudice is fatal to appellant's claim. In support of our conclusion that the failure to establish a factual basis did not prejudice appellant, we note -6- that a sufficient factual basis for the plea existed in the record. See United States v. Adams, 961 F.2d 505, 512-13 (5th ___ ______________ _____ Cir. 1992) (information from presentence report and plea hearing used to establish factual basis when district court failed to do so at change of plea hearing). Information derived from the presentence report and probable cause hearing reveals that appellant's conduct satisfied the elements of the crimes charged. This information includes appellant's own signed confession and evidence presented at the probable cause hearing linking appellant to the cocaine and firearm. As appellant has suffered no concrete prejudice other than entering a plea he now regrets, we cannot set his plea aside. Affirmed. ________ -7-