[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1369

 UNITED STATES,

 Appellee,

 v.

 JOSE A. OTERO-ORTIZ,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Hector M. Laffitte, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Stahl and Lynch, Circuit Judges. 

 

Joseph C. Laws, Jr., Federal Public Defender, and Miguel A.A. 
Nogueras-Castro, Assistant Federal Public Defender, on brief for 
appellant.
Guillermo Gil, United States Attorney, Nelson Perez-Sosa, 
Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior 
Litigation Counsel, on brief for appellee.

 

 Octoberf 24, 1997
 

 Per Curiam. After pleading guilty, appellant Jose 

Otero- Ortiz was convicted of drug offenses in violation of

21 U.S.C. 841, 846, and 18 U.S.C. 2. He was sentenced

to 10-years' imprisonment, the mandatory minimum required by

21 U.S.C. 841(b)(1)(A), and five years of supervised

release. Appellant has AIDS. His sole argument on appeal is

that the district court erred by declining to grant him a

downward departure because he has AIDS due to the court's

mistaken assumption that health cannot form the basis of a

departure. Because appellant never requested a downward

departure below, this issue has been waived. See, e.g., 

United States v. Catucci, 55 F.3d 15, 18 (1st Cir. 1995); 

United States v. Field, 39 F.3d 15, 21 (1st Cir. 1994). Even 

if that were not so, the contention is meritless. No

authority exists for a sentencing court to depart from a

statutory minimum based merely on the defendant's health

condition. United States v. Rounsavall, 115 F.3d 561, 566 

(8th Cir.), cert. denied, S. Ct. , 1997 WESTLAW 562074 

(U.S., Oct. 6, 1997). There was no evidence of any

extraordinary physical impairment. See, e.g., United States 

v. Rabins, 63 F.3d 721, 728 (8th Cir. 1995), cert. denied, 

116 S. Ct. 1031 (1996). Thus, even if appellant had asked

and qualified for a downward departure based on his health,

the district court was still bound to impose the 10-year

mandatory minimum. Accordingly, the judgment of conviction

 -2-

is affirmed. 

 -3-