USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1369 UNITED STATES, Appellee, v. JOSE A. OTERO-ORTIZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Joseph C. Laws, Jr., Federal Public Defender, and Miguel A.A. _____________________ ____________ Nogueras-Castro, Assistant Federal Public Defender, on brief for _______________ appellant. Guillermo Gil, United States Attorney, Nelson Perez-Sosa, _______________ __________________ Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ Octoberf 24, 1997 ____________________ Per Curiam. After pleading guilty, appellant Jose ___________ Otero- Ortiz was convicted of drug offenses in violation of 21 U.S.C. 841, 846, and 18 U.S.C. 2. He was sentenced to 10-years' imprisonment, the mandatory minimum required by 21 U.S.C. 841(b)(1)(A), and five years of supervised release. Appellant has AIDS. His sole argument on appeal is that the district court erred by declining to grant him a downward departure because he has AIDS due to the court's mistaken assumption that health cannot form the basis of a departure. Because appellant never requested a downward departure below, this issue has been waived. See, e.g., ___ ____ United States v. Catucci, 55 F.3d 15, 18 (1st Cir. 1995); _____________ _______ United States v. Field, 39 F.3d 15, 21 (1st Cir. 1994). Even _____________ _____ if that were not so, the contention is meritless. No authority exists for a sentencing court to depart from a statutory minimum based merely on the defendant's health condition. United States v. Rounsavall, 115 F.3d 561, 566 _____________ __________ (8th Cir.), cert. denied, ___ S. Ct. ___, 1997 WESTLAW 562074 _____ ______ (U.S., Oct. 6, 1997). There was no evidence of any extraordinary physical impairment. See, e.g., United States ___ ____ _____________ v. Rabins, 63 F.3d 721, 728 (8th Cir. 1995), cert. denied, ______ _____ ______ 116 S. Ct. 1031 (1996). Thus, even if appellant had asked and qualified for a downward departure based on his health, the district court was still bound to impose the 10-year mandatory minimum. Accordingly, the judgment of conviction -2- is affirmed. ________ -3-