**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4241

RODNEY EARL RISPER, a/k/a Menace,
a/k/a Rodney Risper,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-97-134-BR)

Submitted: May 11, 1999

Decided: September 23, 1999

Before NIEMEYER and MOTZ, Circuit Judges, and HALL,*
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Deveraux L. Cannick, AIELLO & CANNICK, Maspeth, New York,
for Appellant. Janice McKenzie Cole, United States Attorney, Anne

_____
*Senior Judge Hall participated in the consideration of this case but
died prior to the time the decision was filed. The decision is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

M. Hayes, Assistant United States Attorney, Eric Evenson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Rodney Earl Risper appeals his convictions and sentences, pursuant to his plea of guilty, on one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, 21 U.S.C.A. §§ 841, 846 (West 1981 & Supp. 1998), and one count of use and carry of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1) (1994) (current version at 18 U.S.C.A. § 924 (c)(1) (West Supp. 1999). Risper contends that he received ineffective assistance of counsel, that Government prosecutors engaged in misconduct, and that the evidence was insufficient to support his guilty plea to the § 924(c)(1) charge. We affirm.

Because the claims regarding ineffective assistance of counsel and prosecutorial misconduct rely on evidence not in the record, we find that these claims are better raised, if at all, in a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). See United States v. Hanley, 974 F.2d 14, 16 n.2 (4th Cir. 1992) (court will not review ineffective assistance of counsel claims on direct appeal unless it conclusively appears on the record that appellant was not provided with effective representation).

Looking at the entire record, we find that the evidence was sufficient to support the finding that Risper carried a firearm during and in relation to a drug trafficking offense. See United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997); United States v. Zorrilla, 982 F.2d 28, 30 (1st Cir. 1992).

2

Accordingly, we affirm Risper's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3