**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1721

UNITED STATES OF AMERICA,

Appellee,

v.

ALVIN WHITE,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

---

George J. West, on brief, for appellant.
Donald C. Lockhart and Kenneth P. Madden, Assistant United
States Attorneys, with whom Craig N. Moore, Acting United States
Attorney, on brief, for appellee.

---

April 6, 2004

---

**Per Curiam**.  Defendant-appellant Alvin White ("White") appeals the district court's denial of his request to credit the time he served at a Rhode Island prison towards his federal sentence.  We affirm.

## I.

White was stopped by Rhode Island police officers for a motor vehicle violation on May 9, 2002.  He was taken into state custody, where it was discovered that a bench warrant on an unrelated charge had been issued for White in New York.  Beginning on May 10, 2002, White was held at the Adult Correctional Institution ("ACI") in Rhode Island.  On August 29, 2002, White was released from state custody to the custody of the Immigration and Naturalization Service ("INS"), but he remained at ACI.

White, a citizen of Jamaica, had been incarcerated in New York state.  He was deported on August 14, 1995.  Without authorization from the Attorney General, White reentered the United States sometime in 2000.

White was indicted for illegal reentry in violation of 18 U.S.C. §§ 1326(a) and (b)(2) on October 30, 2002.  In due course, White entered a plea of guilty to the charges.  At the sentencing hearing, the district judge asked White whether there were any motions for downward departure.  Counsel stated he would not pursue any such motion, but did request that the court recognize that White had been in detention prior to the sentencing and that he

should be credited for time served at ACI.  The district court, after hearing from the Probation Officer, declined that request because he did not have the authority to credit White for time served.

## II.

The issue is not whether White should receive credit for the time spent at ACI before he was transferred to the custody of the INS, but whether the district court had the power to credit the time.  It did not.  It is settled law that under 18 U.S.C. § 3585(b), discretion to credit time served is vested in the Attorney General, through the Bureau of Prisons ("BOP"), and not in the sentencing court.  See United States v. Wilson, 503 U.S. 329, 331-36 (1992) (holding that under § 3585(b) the BOP has the responsibility of computing the amount of credit a defendant receives after defendant begins serving a sentence); United States v. Morales-Madera, 352 F.3d 1, 15 (1st Cir. 2003) ("defendants who seek credit for discharged sentences must ordinarily apply to the Attorney General, through the Bureau of Prisons, under 18 U.S.C. § 3585(b)").

To the extent that White now seeks to argue his appeal as a denial of a motion for downward departure, we believe it is unavailing.  We have yet to determine the issue of whether credit for time served is the proper subject of a motion for downward departure.  See Morales-Madeira, 352 F.3d at 15.

Assuming arguendo that one could make a legitimate motion for downward departure based on the lack of credit for time served, White made no such motion here. While White's counsel made a "request" for the crediting, in the very same breath he indicated that he would not pursue any motions for downward departure. Given that a downward departure was never asked for by White, it cannot be the case that the district court erred in failing to grant such a departure sua sponte. United States v. Field, 39 F.3d 15, 21 (1st Cir. 1994), cert. denied, 514 U.S. 1088 (1995).

### III.

For the reasons stated above, the judgment of the district court is **affirmed**.