47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie Gene WEBB, Petitioner-Appellant,
v.
Phil PARKER, Warden, Respondent-Appellee.
 No. 94-5650.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1995.
 
 E.D.Ky., No. 94-00090; Henry R. Wilhoit, Jr., Judge.
 E.D.Ky.
 VACATED.
 
 
 1
 Before: JONES and MILBURN, Circuit Judges; and COHN, District Judge.*
 
 ORDER
 
 2
 Ronnie Gene Webb, a pro se Kentucky prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Webb pleaded guilty in 1979 to first degree assault and was sentenced to 10 years in prison. He was paroled in 1981, but his parole was revoked in 1986 when he was convicted of another offense. Webb received a 20-year enhanced sentence for that crime because he was found to be a persistent felony offender (PFO), based upon the 1979 conviction. Although the sentence for his 1979 conviction is now fully expired, he remains in custody serving the enhanced sentence imposed as a result of his 1986 PFO conviction.
 
 
 4
 In his habeas petition, Webb raises three grounds for relief: (1) he was denied due process when the trial court accepted his guilty plea without determining his competency to plead or stand trial; (2) his guilty plea was not knowingly, intelligently, or voluntarily made; and (3) he received ineffective assistance of counsel. Without requiring the respondent to file a return of writ, a magistrate judge recommended that Webb's petition be denied on the ground that he was no longer in custody pursuant to his 1979 conviction. The district court overruled Webb's objection that, because the 1979 conviction was used to enhance the sentence he is currently serving, the federal courts have jurisdiction over his habeas corpus petition. Consequently, the district court denied the petition in an order filed on April 20, 1994.
 
 
 5
 On appeal, Webb continues to argue the merits of his grounds for relief. In addition, he argues that the district court erred in holding that he was not in custody pursuant to the challenged 1979 conviction for the purpose of habeas corpus jurisdiction. His Resident Record Card, attached to his objections and brief on appeal, indicates that Webb lost credit for the approximately five years he was free on parole before the commission of his new offense.
 
 
 6
 Upon review, we vacate the district court's order because, when Webb's petition is liberally construed to challenge his 1986 sentence as enhanced by the allegedly unconstitutional 1979 conviction, it satisfies the "in custody" requirement for habeas corpus jurisdiction.
 
 
 7
 An applicant for habeas corpus relief under 28 U.S.C. Sec. 2254 must be "in custody" pursuant to the conviction he seeks to attack when the application for a writ of habeas corpus is filed in order to vest the district court with jurisdiction over his petition. 28 U.S.C. Sec. 2254(a); Maleng v. Cook, 490 U.S. 488, 490-92 (1989) (per curiam); DePompei v. Ohio Adult Parole Auth., 999 F.2d 138, 140 (6th Cir.1993). As recognized by the district court, one ceases to be in custody after one's sentence has fully expired. Gavin v. Wells, 914 F.2d 97, 98 (6th Cir.1990).
 
 
 8
 Webb's Resident Record Card suggests that, because of the lost parole time, his 1979 sentence may not have been expired at the time he filed his habeas petition. Even if the 1979 sentence had expired before the time of filing, however, the district court erred in dismissing Webb's habeas corpus petition for failure to satisfy the "in custody" requirement. The Supreme Court has held that a person is not in custody pursuant to a fully served sentence even though there remains a "possibility that the prior [expired] conviction will be used to enhance the sentences imposed for any subsequent crimes of which [the petitioner] is convicted." Maleng, 490 U.S. at 492. Even so, the Court expressly reserved the issue of whether a prisoner can attack his current sentence by challenging the constitutionality of an earlier, fully satisfied sentence if the earlier conviction was used to enhance the current sentence. Id. at 494. See also United States v. McGlocklin, 8 F.3d 1037, 1044 n. 8 (6th Cir.1993) (en banc) ("We express no opinion on whether or to what extent a defendant, whose sentence under a prior conviction has expired but is being used for enhancement, may seek relief under Sec. 2254 or Sec. 2255"), cert. denied, 114 S.Ct. 1614 (1994).
 
 
 9
 Other circuits that have addressed the issue have uniformly held that where "a person currently serving a sentence that was enhanced on the basis of a prior conviction is still in custody, he may challenge the enhancing conviction as constitutionally invalid even though that prior conviction's original custodial term has expired." Smith v. Farley, 25 F.3d 1363, 1365-66 (7th Cir.1994) (citing Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir.1990), cert. denied, 498 U.S. 1040 (1991)), petition for cert. filed (Aug. 10, 1994) (No. 94-5634). See also Collins v. Hesse, 957 F.2d 746, 747-48 (10th Cir.1992) (collecting cases from the Third, Fifth, Eighth, Ninth, and Eleventh Circuits). Those courts have read Maleng as holding only that the mere possibility that a conviction may be used to enhance a hypothetical future sentence was too tenuous and uncertain a basis for federal habeas corpus jurisdiction. Where, however, that possibility has become a reality, the circuit courts that have addressed the issue have unanimously concluded that habeas corpus jurisdiction exists. Ibid.
 
 
 10
 Accordingly, we vacate the district court's order and remand the case for further proceedings. Because the record is incomplete, absent a return of writ from the respondent, we express no opinion as to whether Webb adequately exhausted his state court remedies before filing his petition. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation