UNITED STATES of America, Plaintiff,

v.

Donald E. SELF, Defendant.

Civ. A. No. 94–K–2722.
Crim. No. 93–CR–185.

United States District Court,
D. Colorado.

Feb. 13, 1995.

agency's decision.

Donald Edward Self, pro se.

Thomas M. O'Rourke, Asst. U.S. Atty., Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Defendant–Petitioner Donald E. Self challenges his federal sentence on grounds this court [1] should not have included two of his prior state convictions in his criminal history score under the United States Sentencing Guidelines ("Guidelines") because his guilty pleas to those convictions were constitutionally invalid. Self requests a hearing on the issues raised, an order appointing counsel

---

1. The Honorable Chief Judge Sherman G. Finesilver originally presided over this case, accepting the plea and entering judgment against defendant Self. After Judge Finesilver's retirement effective January 1, 1995, the case was transferred to Senior District Judge John L. Kane.

and permission to procure the state plea transcripts necessary to consider his constitutional claims *in forma pauperis*.

I conclude Self may use a federal habeas proceeding under 28 U.S.C. § 2255 to attack collaterally the state court convictions used in calculating his federal sentence under the Guidelines and grant Self's Motion for Entry of Order Permitting Securement of Transcripts *in forma pauperis*. I defer consideration of Self's request for appointment of counsel and a hearing pending review of those transcripts or such other evidence as Self may submit.

## I. Background

Self pleaded guilty to two counts of making false statements in the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). A presentence report indicated Self had a record of two Colorado state convictions in 1979 and one California state conviction in 1965, all the result of guilty pleas. The report considered the 1979 convictions to assign Self three points under the Criminal History provisions of the Guidelines and arrive at a sentencing range of 46–57 months. Judge Finesilver sentenced Self to 46 months in prison on September 20, 1993.

On November 19, 1994, Self filed the instant 28 U.S.C. § 2255 motion to vacate the sentence imposed on grounds the 1979 convictions were constitutionally defective. Self claims both were the product of "coercive" multi-district plea agreements in which counsel misrepresented the maximum sentence Self would have to serve. Self alleges one of the state trial judges failed to obtain "CORE" waivers of the constitutional rights to which he was entitled and asserts both judges failed to advise him of the "necessary and essential elements" of the crimes with which he was charged. Petitioner's Mem. Points & Authorities of Law at 2. Self contends he would not have entered guilty pleas in either case "but for" these actions.

## II. Merits

### A.

■ The government contends Self is precluded from attacking collaterally the state convictions used to calculate his sentence under the recent Supreme Court decision in *Custis v. United States*, —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). In *Custis*, the Supreme Court held that with the exception of convictions obtained in violation of the right to counsel (i.e., Gideon challenges),[2] a defendant in a federal sentencing proceeding has no right to challenge the validity of previous state convictions used to enhance his sentence under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e) (the "ACCA").[3] *Id.* at ——, 114 S.Ct. at 1479. Because Self was represented by counsel in both of the underlying state plea proceedings, the government contends Self's § 2255 motion is barred. I disagree.

■ The holding in *Custis* was specifically limited to collateral attacks on prior convictions made *during* sentencing proceedings and not, as here, in a later petition for habeas corpus.[4] —— U.S. at —— ——, 114 S.Ct. at 1738–39. Sentencing proceedings do not lend themselves to the type of evidentiary presentation necessary to determine the validity of prior convictions based on claims of ineffectiveness of counsel or the involuntariness of a guilty plea. *Custis*, —— U.S. at ——, ——, 114 S.Ct. at 1735, 1738 (explain-

---

2. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) established the right of an indigent defendant in a criminal trial to have the assistance of appointed counsel.

3. *Custis*'s distinction between collateral attacks based on the complete denial of counsel and collateral attacks based on other constitutional claims applies equally to sentencing proceedings under the Guidelines and the ACCA. *See United States v. Garcia*, 42 F.3d 573, 581 (10th Cir. 1994).

4. A motion to vacate a sentence may be viewed as an application for writ of habeas corpus. 28 U.S.C. § 2255; Rules Governing § 2254 Cases in United States District Court, Rule 1, advisory committee's note. *See United States v. Moland*, 39 F.3d 1193 (10th Cir.1994) (unpublished disposition); *United States v. Gaylor*, 828 F.2d 253 (4th Cir.1987). Self's *pro se* motion initiated a separate civil action (No. 94–2722) in which Self collaterally attacks his prior state court convictions on grounds of constitutional infirmity. It will therefore be viewed as a federal habeas proceeding under 28 U.S.C. § 2255. *See Ruark v. Solano*, 928 F.2d 947, 949 (10th Cir.1991) (*pro se* filings must be construed liberally).

ing non-Gideon challenges are of "the 'fact intensive' type that pose a risk of unduly delaying and protracting the entire sentencing process"), *discussed in Partee v. Hopkins,* 35 F.3d 365, 366 (8th Cir.1994) (Beam, C.J., dissenting).

*Custis* thus presented a forum question; "the issue was *where,* not *whether,* the defendant could attack a prior conviction for constitutional infirmity." *Nichols v. United States,* —— U.S. ——, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) (Ginsburg, J., dissenting) (emphasis original). It did not, as the government suggests, do away with the right to attack collaterally prior state convictions on non-Gideon grounds; it merely held such attacks must take place in separate state or federal habeas corpus actions. *Custis,* —— U.S. at ——, 114 S.Ct. at 1739. That is precisely what Self is doing. If Self is successful in attacking his 1979 convictions, he may then apply for reopening of his federal sentence enhanced by them. *See id.*

### B.

■ The issue then becomes whether Self is entitled to habeas review. The government contends he is not because (1) federal habeas review is available only to state prisoners "in custody pursuant to the judgment of a State court," citing 28 U.S.C. § 2254(a); and (2) Self's petition is procedurally barred. The first contention is plainly wrong as a matter of law. Under *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), a prisoner is "in custody" for even a completed state conviction where he is serving a federal sentence enhanced by that conviction. *Custis,* —— U.S. at —— – ——, 114 S.Ct. at 1738–39; *accord Collins v. Hesse,* 957 F.2d 746, 747 (10th Cir.1992), *appeal after remand,* 30 F.3d 141 (10th Cir.1994) *cert. denied,* —— U.S. ——, 115 S.Ct. 376, 130 L.Ed.2d 327 (1994); *Gamble v. Parsons,* 898 F.2d 117, 118 (10th Cir.), *cert. denied* 498 U.S. 879, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990); *Tredway v. Farley,* 35 F.3d 288, 292

(7th Cir.1994). Self therefore satisfies the "in custody" requirement for habeas review.

■ The government's second argument has greater merit. Because a habeas proceeding under § 2255 is a collateral challenge, the petitioner must generally exhaust state remedies. 28 U.S.C. § 2255;[5] *see United States v. Gaylor,* 828 F.2d 253, 254–55 (4th Cir.1987) ("comity demands that state courts 'already cognizant of the litigation' be given the first opportunity to review errors asserted with regard to criminal convictions obtained in their jurisdictions) (quoting *Rose v. Lundy,* 455 U.S. 509, 518–19, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982))); *but see Brown v. United States,* 610 F.2d 672, 675 (9th Cir.1980) (while there is a federal interest in requiring exhaustion when a prisoner seeks to attack his conviction *per se,* the Ninth Circuit declines to defer to that interest when the criminal defendant is only attacking the federal government's right to use that conviction as a predicate to the imposition of federal penalties). However, where it appears a remedy by motion to state court would be "inadequate or ineffective to test the legality of his detention," exhaustion is not required. 28 U.S.C. § 2255.

■ The government contends Self has failed to exhaust his state remedies. Self counters exhaustion is inapplicable or would be ineffective in this case because any direct challenge of his convictions in state court would be time-barred under Colorado's three-year limitations period for challenging non-class 1 felony convictions. C.R.S. § 16–5–402 (1986 Repl.Vol. & 1994 Pock. Pt.). While Self technically has not exhausted state remedies and could file a motion for relief under C.R.S. § 16–5–402(2)(d),[6] I conclude such motion would be inadequate to test the legality of his convictions. *See People v. Stephens,* 837 P.2d 231 (Colo.App. 1992), *cert. dismissed,* 854 P.2d 231 (Colo. 1993) (the fact defendant had no need to

---

5. Section 2255, in relevant part, provides:
   An application for a writ of habeas corpus ... [under] this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him. . . .

6. Section 16–5–402 provides a catch-all exception to the limitations periods it prescribes where the court hearing the collateral challenge finds the failure to seek relief within the applicable time period was the result of "justifiable excuse or excusable neglect." C.R.S. § 16–5–402(2)(d).

attack the conviction until habitual offender charges were filed was not "justified" within the meaning of § 16–5–402(2)(d)). Self, for all practical purposes, has no state remedies to exhaust and therefore there is federal jurisdiction over his § 2255 habeas action.[7]

## C.

■ Were I to address the merits of Self's § 2255 action today, however, I would have to deny it. The use of prior counseled convictions for sentence enhancement is constitutional and previous guilty pleas are presumed valid. *Parke v. Raley*, —— U.S. ——, —— – ——, 113 S.Ct. 517, 525–26, 121 L.Ed.2d 391 (1992). Self bears the burden of proving his convictions invalid, and cannot do so without more than the conclusory allegations set forth in his briefs. *Id., applied in United States v. Wicks*, 995 F.2d 964, 978 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 482, 126 L.Ed.2d 433 (1993).

■ Self has stated a legitimate and particularized need for the transcripts of his state court plea proceedings, if any, and is therefore entitled to them under § 2255 and Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. *C.f. Jones v. Superintendent*, 460 F.2d 150, 153 (4th Cir.1972) (no right to transcript if legitimate need not shown); *Bozeman v. United States*, 354 F.Supp. 1262, 1263 (E.D.Va.1973) (same). I find Self's *pro se* filings sufficient to meet the requirements of 18 U.S.C. § 1915(a) and grant his request for an order allowing the procurement of those transcripts from the District Courts for El Paso and Jefferson counties *in forma pauperis*.

## III. *Conclusion*

Based on the foregoing, IT IS ORDERED

1. Defendant-petitioner Donald E. Self's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence will be viewed as an application for writ of habeas corpus. The government is ORDERED to file within 60 days an amended answer providing information regarding the availability of transcripts as set forth in Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Self shall have 60 days thereafter to obtain any transcripts that may exist and submit them, together with any other evidence he wishes the court to consider, as support for his contention that the 1979 plea-based convictions used to determine his criminal history points under U.S.S.G. § 4A1.2 were constitutionally defective.

2. Self's Motion for Entry of Order Permitting Securement of Transcripts *in forma pauperis* is GRANTED.

3. Consideration of Self's request for appointment of counsel and a hearing on his § 2255 motion is DEFERRED pending review of any and all submitted evidence.

7. The government argues Self's motion is also barred under the *Frady* doctrine because Self failed to challenge the constitutionality of his state convictions at the state trial-court level or in a direct appeal and cannot show cause for this procedural default or actual prejudice resulting from the errors. Govt.'s Resp. at 7 (citing *United States v. Allen*, 16 F.3d 377, 378 (10th Cir.1994) and *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982)). The government's reliance on *Frady* and its progeny is misplaced. *Frady* is a waiver doctrine invoked when a federal defendant who has already appealed his federal conviction files a § 2255 motion raising an issue that should have been raised on appeal. *Allen*, 16 F.3d at 378 (citing *United States v. Walling*, 982 F.2d 447, 448 (10th Cir.1992); *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir.1993) (citations omitted)). The government provides no authority for invoking the *Frady* bar when a § 2255 movant did not appeal his federal conviction or sentence (and thus never raised on appeal the issues asserted in the motion), much less when a movant did not appeal a state conviction being collaterally attacked in the motion. Under these circumstances, *Frady* does not apply.