Darren J. CUSTIS

v.

UNITED STATES of America.

UNITED STATES of America

v.

Darren J. CUSTIS.

Civil No. S 96–1352.
Criminal No. S 91–0334.

United States District Court,
D. Maryland,
Northern Division.

May 2, 1996.

Beth M. Farber, Assistant Federal Public Defender, Baltimore, MD, for Plaintiff.

Lynne A. Battaglia, United States Attorney for the District of Maryland, Thomas M. DiBiagio, Assistant U.S. Attorney, Baltimore, MD, for Defendant.

*MEMORANDUM OPINION*

SMALKIN, District Judge.

This is the first motion under 28 U.S.C. section 2255 filed on behalf of the movant, whose conviction and sentence were affirmed on direct review by the Fourth Circuit, *United States v. Custis,* 988 F.2d 1355 (4th Cir. 1993), *aff'd,* — U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).

In his motion, Mr. Custis, by counsel, asserts two grounds for relief. The first ground, going only to his sentence, is that one or more of his prior state convictions were unconstitutionally obtained and, therefore, there is no predicate for his enhanced sentence under 18 U.S.C. § 924(e). The second ground asserted by counsel is that, in consequence of possible perjury in other cases by police officers who were witnesses at Custis' trial, this Court should hold an evidentiary hearing to examine "all information in the possession or control of the Baltimore City Police Department regarding its perjury investigation of the two police officers who were the chief witnesses at trial against Mr. Custis, in order to determine whether Mr. Custis is entitled to a new trial based on newly discovered evidence." An additional ground involving knowing use of perjury is presented by Mr. Custis *pro se.*

Because, under present law, and on the records and files of this Court, it plainly appears from the present motion that the movant is not entitled to relief, an order will be entered that summarily denies relief under Rule 4(b), Rules Governing Section 2255 Cases.

■ Addressing, first, the predicate convictions issue, this Court is of the opinion that, unless and until state remedies are exhausted regarding those convictions, there should be no collateral attacks considered on them under section 2255, as a matter of law. The Supreme Court did *not,* in *Custis,* intend to disturb the well-settled principles of comity that require the satisfaction of the exhaus-

tion rule prior to federal collateral review of state convictions. It is wrong to read the *Custis* opinion's reference to attacking predicate convictions "in Maryland *or* through federal habeas review," —— U.S. at ——, 114 S.Ct. at 1739 (emphasis added), as permitting federal collateral review in a section 2255 motion without exhaustion of state remedies. Such a procedure would, in addition to circumventing the well-settled comity principles underlying the statute and case law on habeas exhaustion, have the untenable consequence of putting the United States Attorney in the position of a state prosecutor defending an initial post-conviction attack. For many of the same reasons addressed in this Court's, in the Fourth Circuit's, and in the Supreme Court's, *Custis* opinions, such a procedure should not be allowed any more in a section 2255 *motion* then in the original sentencing proceedings.

In this Court's judgment, the Supreme Court's disjunctive reference in *Custis* to federal habeas review was a reference to review under section 2254, which requires exhaustion, and the Supreme Court, in referring to federal habeas review, intended such review to be confined to those cases in which state remedies had been exhausted, making federal habeas review under section 2254 appropriate.

Indeed, the Fourth Circuit, pre-*Custis*, addressed the very issue involved here, in *Brown v. United States*, 483 F.2d 116, 118–21 (4th Cir.1973), and held that exhaustion of state remedies should be required before entertaining a section 2255 motion arguing improper sentencing enhancement because of consideration of allegedly invalid—yet still standing—prior state convictions. Although there was dictum in *Brown* concerning the special significance of such a rule in the case of out-of-state convictions, there is no such limitation in the *Brown* holding. Indeed, the Fourth Circuit has recently followed *Brown*, without any limitation regarding the locus of the state convictions. *United States v. Gaylor*, 828 F.2d 253, 254–56 (4th Cir.1987).

This Court will not, then, collaterally review, at this time, Mr. Custis' predicate convictions, as to which no attempt has been made to exhaust state remedies. The Court reserves for another day the question of whether, after exhaustion of state remedies, federal habeas corpus review must be sought before a section 2255 motion is filed.

 Turning, next, to the new trial issue, this Court notes that the Fourth Circuit has fully heard and decided the question of a new trial, and this Court will not allow the fishing expedition that is sought in the present motion in aid of possible revival of the issue. Although, in section 2255 motions, the court has the power to expand the record through discovery or otherwise, *see* Rule 6, Rules Governing Section 2255 Cases, the power is discretionary. Here, other than the Dickensian hope that "something will turn up," there has been no justification for revisiting the new trial issue through discovery or otherwise.

Finally, Mr. Custis' *pro se* contentions regarding knowing use of perjury at trial or before the grand jury fall far short of the showing required to obtain relief or even to require an answer from the Government on such grounds.

For the reasons stated, an Order will be entered separately summarily denying Mr. Custis' first section 2255 motion pursuant to Rule 4(b), Rules Governing Section 2255 Cases.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, IT IS, this 2nd day of May, 1996, by the United States District Court for the District of Maryland, ORDERED:

1. That Mr. Custis is granted leave to file, but not to proceed *in forma pauperis;* and

2. That Mr. Custis's first section 2255 motion BE, and hereby IS, summarily denied pursuant to Rule 4(b), Rules Governing Section 2255 Cases.