**Lummie SANDERS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 1:97 CV 2000 (1:93 CR 184).**

United States District Court,
N.D. Ohio,
Eastern District.

April 10, 1998.

See also, 97 F.3d 856.

Alan Curtis Rossman, Schreiber, Rossman & Assoc., Cleveland, OH, for Petitioner.

Joseph P. Schmitz, Office of the U.S. Attorney, Cleveland, OH, for Respondent.

### MEMORANDUM OPINION AND ORDER

DOWD, District Judge.

Before the Court is petitioner's motion, pursuant to 28 U.S.C. § 2255, to vacate and set aside his sentence on the ground that one of the state convictions used to enhance his federal sentence under the Armed Career Criminal Act was improperly considered. For the reasons discussed below, petitioner's motion is granted.

### I. BACKGROUND

On June 9, 1993, Sanders was indicted on three counts of firearms violations. Counts One and Three of the indictment charged violations of 18 U.S.C. § 922(g)(1) (felon in possession) and Count Two charged violation of 18 U.S.C. § 922(a)(6) (false statement in the acquisition of a firearm). The government gave notice of its intention to seek an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), listing as the predicate offenses three prior state convictions: (1) a 1986 conviction for involuntary manslaughter; (2) a 1972 conviction for assault with a dangerous weapon; and (3) a 1968 conviction for robbery.[1] At his arraignment on June 28, 1993, Sanders entered pleas of not guilty on all three counts and was released on bail.

The case proceeded to trial on August 16, 1993, with the jury finding Sanders guilty on all three counts. After the case was referred for a presentence report, Sanders challenged the constitutional validity of both the 1968 robbery conviction and the 1972 conviction for assault with a dangerous weapon. This Court rejected the challenge to the 1968 conviction, See Order, November 22, 1993 (Docket No. 45, p. 2),[2] but determined that the 1972 conviction was constitutionally invalid because of a defective jury instruction that was not harmless error. See Order, Novem-

ber 29, 1993 (Docket No. 47). Sanders was sentenced to 37 months imprisonment with two years of supervised release. See Minutes of Proceedings (Docket No. 49).

Sanders appealed his conviction and sentence and the government cross-appealed the Court's refusal to sentence under the ACCA. In an unpublished opinion, the Sixth Circuit affirmed the convictions on Counts One and Two, but vacated the conviction on Count Three as multiplicitous. United States v. Sanders, Nos. 93–4322, 94–3021, 1994 WL 714377 (6th Cir. Dec.22, 1994). On the government's cross-appeal, the Court of Appeals vacated the sentence on the strength of the intervening decision of the United States Supreme Court in Custis v. United States, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), and held that this Court "should have counted the 1972 assault conviction in determining whether to sentence Sanders under the ACCA." 1994 WL 714377, at *2. The Court of Appeals, however, remanded the case for a ruling on "whether involuntary manslaughter is a violent felony for purposes of the [ACCA,]" Id. at *3, and for resentencing consistent with its opinion.

On remand, this Court determined that involuntary manslaughter as defined by Ohio law is a violent felony for purposes of the ACCA. See Order, May 10, 1995 (Docket No. 84). The Court also rejected Sanders' challenge to the constitutional validity of 18 U.S.C. § 922(g). See Order, June 22, 1995 (Docket No. 83). On July 3, 1995, Sanders was resentenced under the ACCA to a term of imprisonment of 188 months. Sanders filed his notice of appeal on the same day. The Sixth Circuit affirmed with respect to the rulings affecting sentencing under the ACCA. United States v. Sanders, 97 F.3d 856 (6th Cir.1996), cert. denied, ─── U.S. ───, 117 S.Ct. 995, 136 L.Ed.2d 875 (1997). However, the Court of Appeals remanded for resentencing having concluded, contrary to this Court's determination, that there was authority under the U.S. Sentencing Guidelines to depart downward from criminal his-

---

**1.** There were actually two 1968 robbery convictions; however, it was conceded that they should count as one. See Order, November 22, 1993 ( [Criminal Case] Docket No. 45, p. 2).

**2.** Unless otherwise stated, the record references are to the criminal case docket.

tory category IV to category III. Upon remand, this Court departed downward under § 4A1.3 and, on July 9, 1997, resentenced Sanders to a term of imprisonment of 180 months.[3] Sanders is presently in the custody of the Federal Bureau of Prisons. He has filed the instant motion under Section 2255 represented by counsel.

In the present motion, Sanders again attacks his 1972 conviction for assault with a deadly weapon and argues that trial counsel's failure to raise an objection to the jury instructions amounted to ineffective assistance of counsel in violation of his Sixth Amendment rights.[4]

## II. DISCUSSION

■ The threshold question is whether Sanders can attack a prior state court conviction whose sentence has expired by way of a Section 2255 motion challenging the federal sentence he is currently serving, which sentence was enhanced because of the prior

3. Following the Sixth Circuit's remand but before the resentencing, Sanders filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. (Case No. 1:97 CV 772). He renewed his attack on the 1972 assault conviction, launched an attack on his 1986 manslaughter conviction, and attacked the representation which had been provided to him by the Federal Public Defender. This Court dismissed the motion, without prejudice, as "premature." *See* Judgment Entry, May 9, 1997 (Docket No. 112).

4. Sanders originally raised three other arguments which he has since withdrawn. *See* Docket No. 140.

5. *Custis* did carve out one exception: one may challenge at sentencing a prior conviction obtained in violation of the right to counsel established in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

6. In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court had left this question open. It examined only the "in custody" jurisdictional requirement of Section 2254. Cook, a federal prisoner, filed a Section 2254 habeas petition purporting to challenge an expired 1958 state conviction which had allegedly been used to enhance both a 1978 state sentence and a 1976 federal sentence. Cook had not yet started to serve the 1978 sentence because he was first serving the federal sentence. The State of Washington had lodged a detainer

state conviction. The Sixth Circuit has not addressed this question in any published opinion.

The starting point for the discussion must be *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). The *Custis* Court held

> that § 924(e) does not permit Custis to use the federal sentencing forum to gain review of his state convictions. Congress did not prescribe and the Constitution does not require such delay and protraction of the federal sentencing process.

511 U.S. at 497, 114 S.Ct. 1732. This language makes clear that the *sentencing* proceeding is not the place for a challenge to a state conviction which is being used to enhance a federal sentence.[5] However, contrary to the government's position here, *Custis* does not preclude collateral attacks by way of other kinds of proceedings,[6] such as habeas corpus proceedings or proceedings on motions under 28 U.S.C. § 2255.[7]

against him with the federal prison authorities and he was to begin serving his 1978 state sentence once he completed his federal sentence. The Supreme Court concluded that Cook was not "in custody" under the expired 1958 sentence, but he was "in custody" under the 1978 sentence even though he had not yet begun to serve it. The Court stated, however, that

> [o]ur holding is limited to the narrow issue of "custody" for subject-matter jurisdiction of the habeas court. We express no view on the extent to which the 1958 conviction itself may be subject to challenge in the attack upon the 1978 sentences which it was used to enhance. 490 U.S. at 494.

7. In fact, the following language in *Custis* supports this procedure:

> We recognize, however, as did the Court of Appeals, *see* 988 F.2d, at 1363, that Custis, who was still "in custody" for purposes of his state convictions at the time of his federal sentencing under § 924(e), may attack his state sentences in Maryland or through federal habeas review. *See Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). If Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application. 511 U.S. at 497, 114 S.Ct. 1732. The court below in *Custis* had also noted:
>
> > The multiple violations alleged by Custis could only have been established after fact-intensive

This is the position taken by the Third Circuit in *Young v. Vaughn*, 83 F.3d 72 (3d Cir.), *cert. denied sub nom Abraham v. Young*, —— U.S. ——, 117 S.Ct. 333, 136 L.Ed.2d 245 (1996), an appeal from the dismissal of a Section 2254 petition challenging a conviction whose sentence had already expired. The district court had found the petitioner not "in custody" and dismissed the petition for lack of subject matter jurisdiction. The Court of Appeals stated that "since Young was serving another sentence when he filed his petition—a sentence that is a collateral result of his expired conviction— the district court should have construed his petition as challenging that sentence rather than his expired conviction." *Id.* at 73. From that perspective, Young was "in custody." Relying on *Clark v. Pennsylvania*, 892 F.2d 1142 (3d Cir.1989), *cert. denied*, 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990),[8] the Third Circuit held that

> a federal habeas petitioner in custody under a sentence enhanced by a prior conviction may attack that prior conviction, even if he is no longer in custody for it. However, he may do so only in the context of a challenge to the enhanced sentence for which he is in custody.

83 F.3d at 77–78. The *Young* court rejected the state's argument that *Custis* precluded such an attack, finding instead that *Custis* only prohibited this type of challenge "during sentencing proceedings." *Id.* at 77. The court noted that "[i]f a general principle is to be derived from *Custis*, it is the much narrower one that 'federal sentencing hearings are not the proper forum for addressing the

validity of prior convictions.'" *Id.* (citations omitted).

The *Young* court also noted as follows:

> Every court of appeals to confront the question allows a habeas petitioner to challenge a conviction whose sentence has expired if he is currently incarcerated as a result of that conviction, or if it was used to enhance a sentence presently being served. Most share our approach in *Clark*, interpreting *Maleng* as requiring the petitioner to do so by attacking the current sentence. *See, e.g., Tredway v. Farley*, 35 F.3d 288 (7th Cir.1994); *Brock v. Weston*, 31 F.3d 887 (9th Cir.1994); *Collins v. Hesse*, 957 F.2d 746 (10th Cir.1992); *Crank v. Duckworth*, 905 F.2d 1090 (7th Cir.1990), *cert. denied*, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991); *Gamble v. Parsons*, 898 F.2d 117 (10th Cir.), *cert. denied*, 498 U.S. 879, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990); *Taylor v. Armontrout*, 877 F.2d 726 (8th Cir.1989); *Feldman v. Perrill*, 902 F.2d 1445 (9th Cir.1990).

83 F.3d at 78 (footnote omitted). Of the cited cases, only *Tredway* and *Brock* were decided after *Custis*. However, the result in *Custis* "does not disturb uniform appellate case law holding that an individual serving an enhanced sentence may invoke federal habeas to reduce the sentence to the extent it was lengthened by a prior unconstitutional conviction." *Custis*, 511 U.S. at 512 (Souter, J., dissenting).

As already noted, the Sixth Circuit has not addressed this question in any published opinion. However, it has spoken in two unpublished opinions.[9] In *Webb v. Parker*, No.

---

investigations into state proceedings that are best undertaken in a different setting. Of course, if Custis is successful in making "a state or federal collateral attack upon the state sentence" during a habeas petition, for example, he may seek to revise any federal sentence in which the state conviction "was a factor." *[United States v.] Jones*, 977 F.2d at 110 (citation omitted). No constitutional or statutory provision, however, obliges a federal *sentencing* court to entertain such challenges in the first instance.

988 F.2d at 1363 (emphasis added).

8. *Clark* held that although the district court lacked jurisdiction over habeas petitions challenging two convictions whose sentences had al-

ready expired, those convictions could be reviewed in the context of a challenge to a sentence still being served which had been enhanced because of the two convictions.

9. The question was not implicated in *Gavin v. Wells*, 914 F.2d 97 (6th Cir.1990). There, the court had originally affirmed the district court's denial of Gavin's habeas corpus petition, which attacked a 1955 conviction and a 1970 conviction. Gavin remained incarcerated only on the latter, but argued that the 1970 sentence had been enhanced because of the 1955 conviction. The Supreme Court remanded the case for consideration in light of *Maleng*. On remand, the Sixth Circuit concluded that "[o]nly an actual enhancement of the 1970 sentence based on the

94–5650, 1995 WL 39528 (6th Cir. Feb.1, 1995), the court reversed the district court's dismissal of a Section 2254 petition for failure to meet the "in custody" requirements. The court stated:

> Other circuits that have addressed the issue have uniformly held that where "a person currently serving a sentence that was enhanced on the basis of a prior conviction is still in custody, he may challenge the enhancing conviction as constitutionally invalid even though that prior conviction's original custodial term has expired." *Smith v. Farley,* 25 F.3d 1363, 1365–66 (7th Cir.1994) (citing *Crank v. Duckworth,* 905 F.2d 1090, 1091 (7th Cir.1990) . . .). *See also Collins v. Hesse,* 957 F.2d 746, 747–48 (10th Cir.1992) (collecting cases from the Third, Fifth, Eighth, Ninth and Eleventh Circuits).

*Id.* at *2 (footnote added).

In another unpublished opinion, the Sixth Circuit has also noted that

> *Maleng [v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) ] does hold out the possibility that, if a petitioner is in custody under a second conviction, and the sentence for that conviction was enhanced by virtue of a prior conviction, the petitioner could question the legality of a prior conviction through a habeas petition challenging the second conviction. 490 U.S. at 492–93, 104 L.Ed.2d 540.

*Starks v. Straub,* No. 96–1044, 1997 WL 468325, at *2 (6th Cir. Aug.13, 1997) (citing *Young v. Vaughn,* 83 F.3d 72, 74 (3d Cir.), *cert. denied,* — U.S. —, 117 S.Ct. 333, 136

L.Ed.2d 245 (1996); *Gamble v. Parsons,* 898 F.2d 117, 118 (10th Cir.1990)).[10]

The government cites *Clawson v. United States,* 52 F.3d 806 (9th Cir.), *cert. denied,* 516 U.S. 897, 116 S.Ct. 252, 133 L.Ed.2d 177 (1995) (brought under Section 2255) and *Charlton v. Morris,* 53 F.3d 929 (8th Cir.), *cert. denied,* 516 U.S. 926, 116 S.Ct. 328, 133 L.Ed.2d 229 (1995) (brought under Section 2254), *accord, Partee v. Hopkins,* 30 F.3d 1011 (8th Cir.1994), *cert. denied,* 513 U.S. 1166, 115 S.Ct. 1135, 130 L.Ed.2d 1096 (1995), for the proposition that *Custis* held that there is *no* right to collaterally attack a prior conviction used to enhance a sentence on any constitutional ground "other than failure to appoint counsel for an indigent defendant." *Clawson,* 52 F.3d at 809; *Charlton,* 53 F.3d at 930; *Partee,* 30 F.3d at 1012. This Court rejects that argument, finding that *Clawson* can be distinguished and that *Charlton,* relying on *Partee,* was wrongly decided and does not control, especially in view of the Sixth Circuit's unpublished opinions citing cases that take a different position.

*Clawson,* an appeal from a denial of a motion under Section 2255, involved two questions: (1) whether a conviction relied upon for enhancement of Clawson's federal sentence [11] for being a felon in possession must be "final," and (2) whether Fed. R.Crim.P. 32(a)(1) and (c)(3)(D), when read together, provide an avenue for challenging a prior conviction during sentencing, notwithstanding *Custis.*[12] After a constitutional challenge to the validity of one of the enhancing convictions was rejected on appeal from

---

1955 conviction would implicate the question left unanswered in *Maleng:* 'the extent to which [an earlier] conviction . . . may be subject to challenge in the attack upon [later] sentences which it was used to enhance.' 109 S.Ct. at 1927." *Gavin,* 914 F.2d at 98. Finding that there was no reason to believe that the 1955 conviction had been used to enhance the 1970 sentence, the court once again affirmed the district court's dismissal of the habeas petition.

**10.** Although the *Starks* court stated that it was obliged to liberally construe the pro se petition as attacking a 1993 conviction still being served, not the expired 1983 conviction noted in the petition, it nonetheless affirmed the dismissal of the petition without prejudice because Starks still

had a direct appeal pending in the Michigan Court of Appeals.

**11.** Clawson was sentenced to 25 years in prison under a statute which required mandatory minimum sentences for any person found in possession of a gun who had three prior convictions for robbery or burglary. By the time the district court considered his Section 2255 motion, the statute had been repealed. 842 F.Supp. 428 (D.Or.1994).

**12.** This second argument does not appear to have been raised before the district court; rather, it seems to have been added as a way of getting around *Custis* which was decided about three months after the district court denied the Section 2255 motion.

his federal sentence, *See,* 831 F.2d 909 (9th Cir.1987), *cert. denied,* 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 323 (1988), Clawson sought relief in state court. In April of 1993, the state court ordered that his direct appeal of that predicate conviction be reopened. *See, Clawson v. Maass,* 119 Or.App. 287, 850 P.2d 398 (Or.App.1993). Thereafter, Clawson filed a Section 2255 motion seeking to set aside his career offender sentence. Clawson argued that under the relevant statute the term "conviction" meant only a "final conviction." Since the appeal of his prior conviction had been reopened, he asserted that it was not final and could not be considered for sentencing purposes. The district court rejected this argument and the Ninth Circuit affirmed, although on different grounds.[13] The Ninth Circuit "decline[d] to create a rule that so long as a conviction is on appeal, it is constitutionally unreliable and cannot be used for enhancement." 52 F.3d at 808. The court noted, however, that if the state court appeal succeeded, Clawson could then petition to reopen his sentence. *Id.* (citing *Custis,* 511 U.S. at 497, 114 S.Ct. 1732). With respect to Clawson's second argument, the court relied on *Custis.* In this Court's view, *Clawson* is clearly distinguishable from the case at bar.

*Charlton* involved an appeal from an order dismissing a Section 2254 habeas petition. The *Charlton* court relied on *Partee v. Hopkins, supra.* In *Partee,* the district court,

assuming that the petitioner's claim was procedurally defaulted in state court, entertained the petition and ultimately granted the writ. The State appealed. The Eighth Circuit, although articulating "substantial doubt' that Partee's claim is procedurally defaulted," nonetheless declined to remand because, "in its view, the intervening *Custis* decision prohibited any collateral attack." 30 F.3d at 1012. This Court concludes that *Partee* and *Charlton* were wrongly decided. In light of the unpublished Sixth Circuit opinions suggesting that collateral attack is possible in the proper context, this Court declines adoption of the holding in *Partee* and/or *Charlton.*[14]

The government also cites the case of *United States v. Bureau,* 52 F.3d 584 (6th Cir.1995) for authority that a collateral challenge to a prior conviction is simply not available. The Court disagrees, finding that *Bureau* is not contrary to the conclusion reached in *Young, supra,* or for that matter, in *Custis.* Although the *Bureau* court rather forcefully cited *Custis* (which had not yet been decided at the time of Bureau's sentencing) for the proposition that Bureau "may not collaterally attack his prior convictions[,]" 52 F.3d at 593, *Bureau* was a *sentencing* appeal. That is, indeed, what *Custis* stands for: no collateral challenge during the *sentencing* proceeding. The *Bureau* court noted in a footnote that in *Custis,* the petitioner was

---

**13.** The district court had relied on *United States v. Vea–Gonzales,* 999 F.2d 1326 (9th Cir.1993) (citing *United States v. McGlocklin,* 8 F.3d 1037 (6th Cir.1993)), which had held that there was a constitutional right to collaterally attack *at sentencing* prior convictions being used to enhance a federal sentence. *Vea–Gonzales,* although involving Guideline sentencing, was, of course, overruled by *Custis.* 52 F.3d at 807.

**14.** The Eighth Circuit seems to have struggled with this question. In *Taylor v. Armontrout,* 877 F.2d 726 (8th Cir.1989), decided before *Custis,* the Eighth Circuit dismissed a habeas petition challenging a conviction whose sentence had expired, but without prejudice to the filing of another petition challenging the current sentence which had been enhanced by the prior conviction. Later, the *Partee* and *Charlton* courts concluded, wrongly in this Court's view, that such a procedure is now precluded by *Custis.*

It is worth noting, however, that in *Partee,* Judge Beam, joined by Judges R.S. Arnold, Wollman and M.S. Arnold, dissented from a denial of

a suggestion for rehearing en banc, rejecting the panel's reliance on *Custis* to ban collateral attacks and concluding that the *Custis* preclusion "extends only to the sentencing proceeding and not to a federal (or state) habeas action." *Partee v. Hopkins,* 35 F.3d 365, 366–67 (8th Cir.1994) (J. Beam, dissenting).

It is further worth noting that the *Charlton* court, although denying that it reached the merits of the petition, stated that "Charlton's Minnesota conviction appears to be constitutionally valid because the erroneous jury instruction was harmless beyond a reasonable doubt." *Charlton,* 53 F.3d at 930. This suggests that the *Charlton* court was covering all its bases in the event its view of *Custis* were to prove wrong. Thus, even if Charlton had been permitted to collaterally challenge the prior conviction, in the Eighth Circuit's view, the challenge would not have succeeded.

still able to attack his convictions in state court or through federal habeas because he was still in custody for purposes of the state convictions which had been used to enhance his subsequent sentence, 52 F.3d at 594, n. 8,[15] whereas Bureau had no forum in which to attack his old convictions. Even so, the court said it was "not at liberty to create the additional exception to *Custis* that Bureau seeks based on his inability to seek federal habeas corpus review." *Id.* at 594. This only means that there is no exception to *Custis'* no-collateral-challenge-*at-sentencing* rule, even for defendants who no longer have other collateral proceedings available to them. It cannot be read as any disavowal of a right to proceed under Section 2254 or Section 2255 if one *can.*

The government also cites *United States v. Field,* 39 F.3d 15 (1st Cir.1994), *cert. denied,* 514 U.S. 1088, 115 S.Ct. 1806, 131 L.Ed.2d 732 (1995), as being in accord with *Bureau,* in refusing to carve out an exception to *Custis* for persons who no longer have collateral proceedings available to them. *Field* involved a *sentencing* appeal. The court said:

> Defendant seizes upon the delineated language [in *Custis*] to contend that since he is no longer in custody because of his state conviction and therefore cannot attack it on constitutional grounds either in state court or by federal habeas review, he should be allowed to do so *in the context of his sentencing under the ACCA.* This is an ingenious argument, but we do not think it can surmount the prohibition imposed by the [*Custis*] Court against using *the federal sentencing forum* to review state convictions.

*Id.* at 18–19 (emphases added).

The government further cites *Bernal v. Helman,* 958 F.Supp. 349 (N.D.Ill.1997), where the district court concluded that a federal prisoner serving an ACCA sentence

was not entitled to bring a Section 2255 collateral attack against the predicate enhancing convictions. Although this Court finds *Bernal* instructive, it does not agree with *Bernal*'s ultimate conclusion.

In *Bernal,* a federal prisoner who had been convicted of felon-in-possession charges filed four Section 2254 habeas petitions attempting to challenge the four prior burglary convictions which had been relied upon to enhance his federal sentence under the ACCA. He had not previously filed a direct appeal to any of the four convictions, although after his ACCA sentence was imposed, he did try to bring state post-conviction proceedings. All of these were dismissed as time-barred. The *Bernal* court concluded that it did not have jurisdiction under Section 2254 because Bernal was no longer "in custody" for those convictions, all of the sentences having been completely served. The court, which happened to be the federal sentencing court, decided to consolidate all four Section 2254 petitions into a single case and to construe the petition as a Section 2255 motion. The court then discussed at length whether Section 2255 collateral review of the prior convictions was available. It characterized the question as: "whether this court has the same power under § 2255 that it would have had if Bernal were serving a state rather than a federal sentence and had brought this challenge under § 2254." *Bernal,* 958 F.Supp. at 352. The court identified three principal issues:

> The first is whether such derivative collateral review is available at all. The second is its scope—should the court consider any claim that, if it had been presented on "direct" habeas review, would warrant invalidating the prior conviction or sentence? The third question is what effect should be given procedural defaults.

**15.** Custis did eventually file a Section 2255 motion in the U.S. District Court for the District of Maryland. The motion was summarily denied for failure to exhaust state remedies. The court stated that "[i]t is wrong to read the *Custis* opinion's reference to attacking predicate convictions 'in Maryland or through [federal habeas review,' ... as permitting federal collateral review in a *section 2255* motion without exhaus-tion of state remedies." *Custis v. United States,* 923 F.Supp. 768, 769 (D.Md.1996) (internal citation omitted). The court concluded that it would not collaterally review the predicate convictions at that time and would "reserve[ ] for another day the question of whether, after exhaustion of state remedies which were still available to Custis, federal habeas corpus review must be sought before a *section 2255* motion is filed." *Id.*

*Id.*[16]

Regarding the first issue, the *Bernal* court concluded that *Smith v. Farley*, 25 F.3d 1363 (7th Cir.1994) and *Tredway v. Farley*, 35 F.3d 288 (7th Cir.1994) were the controlling law with respect to derivative collateral review under Section 2254. *Bernal*, 958 F.Supp. at 354. The *Smith* court held:

> We believe such review [of enhancing state convictions] should generally be available unless, [sic] a defendant has already exercised any earlier opportunity for a full and fair state collateral review, or review would be inconsistent with existing doctrines determining the circumstances under which such collateral review is available. *Because such a challenge is against the new use of a prior conviction* —i.e. a challenge to the state's enhancement procedures—*a defendant's failure to use an initial opportunity to obtain review of a state conviction* —in a direct appeal or collaterally, while still serving the sentence— *should not bar him from obtaining later indirect review of the conviction now being used in a wholly new manner. . . .* Unless a defendant has already used his initial collateral review for his prior conviction, we believe that he ought to have a later opportunity to obtain such a review, in at least some forum, of the state court's use of the prior conviction to enhance a sentence for a new crime. . . . *[I]f a defendant does not have access to a fair procedure in a state court affording him a review, on the merits, of the constitutionality of a prior conviction after it has been incorporated into a new, enhanced sentence, a federal court may properly grant him such review.*

*Smith*, 25 F.3d at 1367–68 (footnotes omitted and emphases added).[17] *Tredway* followed *Smith* and held that "where the petitioner had an avenue available to him for collateral review of a prior enhancing conviction at the time he received his enhanced sentence but delayed in pursuing it, the state's denial of review based on that delay constituted an independent state ground precluding habeas review." *Bernal*, 958 F.Supp. at 354 (explaining *Tredway* ).

Having reviewed the law of the Seventh Circuit regarding collateral review under Section 2254, the *Bernal* court next discussed applicability of that law to Section 2255 review. It noted:

> If the rationale of *Smith* and *Tredway* also applies to § 2255, Bernal is entitled to consideration of his claims, since he had no state remedy available at the time he received his enhanced sentence, and could not challenge the enhancing convictions at sentencing or on direct appeal from his federal conviction.

*Bernal*, 958 F.Supp. at 354. Nonetheless, the *Bernal* court found several "good reasons not to permit derivative collateral review under § 2255—except with respect to prior convictions that are void because the defendant was denied the right to counsel[.]" *Id.* It is here that this Court would part company with the *Bernal* court.

The *Bernal* court primarily relied on *Custis*, concluding that "the Court's opinion unavoidably implies the affirmative proposition that the use of prior convictions tainted by flaws other than a *Gideon* violation is constitutional at the time it is done." *Bernal*, 958 F.Supp. at 355. It further concluded that "[t]he reasonable implication of *Custis* is that although the taint on the enhancing conviction is not excused, it is not fundamentally unfair to presume the prior conviction valid and put the burden on the defendant to have it expunged . . . and if it has not been expunged at the time of the subsequent sentencing it is not fundamentally unfair—or unconstitutional—to count it against the defendant." *Id.* at 356. This Court cannot disagree with this principle; however, the reasoning goes only to the question of whether collateral challenges should be permitted *at sentencing*, not whether they should *ever* be permitted.[18]

---

16. The court noted that procedural defaults of various kinds may be excused by a showing of cause and prejudice.

17. *Smith* was cited with approval in *Webb v. Parker*, No. 94–5650, 1995 WL 39528, at —— (6th Cir. Feb.1, 1995).

18. The *Bernal* court also concluded that "[d]ifferences between § 2254 and § 2255 also militate

■ This Court, taking guidance from *Webb v. Parker, supra,* concludes that the Seventh Circuit *Smith* case states the proper view.[19] Thus, this Court has the power to review under Section 2255 prior convictions which were used to enhance Sanders' present sentence. However, as in petitions brought under Section 2254, questions of exhaustion of remedies and of procedural default must first be addressed.

The Sixth Circuit has noted:

> Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction. If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts.

*Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994). *See also, United States v. Self,* 876 F.Supp. 244, 248 (D.Colo.1995), *aff'd,* 85 F.3d 641 (10th Cir.1996) ("Self, for all practical purposes, has no state remedies to exhaust and therefore there is federal jurisdiction over his § 2255 habeas action.").[20]

Sanders raises the argument that, due to ineffective assistance of trial counsel in the form of failure to object to the trial court's jury instructions relating to self defense, his 1972 conviction for assault with a dangerous weapon was constitutionally invalid and should not have been used for purposes of enhancing his federal sentence under the ACCA. Before examining this issue the Court must determine whether Sanders ever presented it to a state court and, if not, whether he can meet the cause and prejudice test. *See United States v. Frady,* 456 U.S. 152, 167–69, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Ratliff v. United States,* 999 F.2d 1023, 1025 (6th Cir.1993).

Sanders was represented at trial. His trial counsel apparently did not make a contemporaneous objection to the trial court's jury instructions regarding self defense. Represented by different counsel, Sanders took a direct appeal.[21] The conviction and sentence were affirmed. Sanders apparently did not apply for any post-conviction relief.

Sanders never challenged the jury instruction at trial or on appeal. He never asserted on direct appeal that failure to make a contemporaneous objection to the instruction constituted ineffective representation by his trial counsel. He also never attempted to raise through post-conviction proceedings or through federal habeas corpus the claim of ineffectiveness of his trial counsel. Therefore, it is clear that Sanders' ineffectiveness claim is procedurally defaulted and can be considered by this Court only if he can show "cause" to excuse such default and "actual prejudice" resulting from the error of which he complains. *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216

against extending the right of derivative collateral attack to the latter." *Bernal,* 958 F.Supp. at 357–358. In particular, the court noted that it would be difficult to examine a conviction in the first instance in a situation, as in a § 2255 proceeding, where there was no provision for joining a State attorney general so as to obtain the record of the state court proceeding. That does not present a problem in this case, since relevant portions of the record was provided by the parties.

19. The Court does agree that *Custis* makes it very difficult for a defendant to challenge prior enhancing convictions, even though it acknowledges the possibility of "federal habeas review," because, in reality, many defendants will no longer have such review available to them. *See* Alan C. Smith, Note, *More Than a Question of Forum: The Use of Unconstitutional Convictions to Enhance Sentences Following Custis v. United States,* 47 STAN. L.REV 1323 (1995).

20. Although the *Self* case is instructive up to a point, it incorrectly states that "[as a matter of law,] under *Maleng v. Cook,* ... a prisoner is 'in custody' for even a completed state conviction where he is serving a federal sentence enhanced by that conviction." *Self,* 876 F.Supp. at 247 (improperly citing *Custis* ).

21. On appeal, he asserted the following as error: (1) that the trial court's refusal, on the date of trial, to grant a motion for change of counsel denied Sanders his right to effective representation and penalized him for his counsel's "dilatory tactics;" (2) that it was error to admit hearsay evidence; and (3) that it was prejudicial error to permit the jury to learn of Sanders' prior convictions.

(1973); *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Ineffective assistance of counsel may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). However, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* at 486–87, 106 S.Ct. 2639.

In this case, Sanders' trial counsel, rather than failing to recognize or choosing not to utilize the defense of self-defense, instead *relied* upon it. Notwithstanding the importance of that defense to the case, counsel failed to challenge the jury instruction which did not "convey to the jury that all of the evidence, including the evidence going to self-defense, must be considered in deciding whether there was a reasonable doubt about the sufficiency of the State's proof of the elements of the crime." *Martin v. Ohio*, 480 U.S. 228, 233–34, 107 S.Ct. 1098, 94 L.Ed.2d 267, *reh'g denied*, 481 U.S. 1024, 107 S.Ct. 1913, 95 L.Ed.2d 519 (1987).[22] This was certainly not an error resulting from mere "trial strategy." *See, e.g., Patterson v. Dahm*, 769 F.Supp. 1103, 1110 (D.Neb.1991) ("the label of 'trial strategy' does not automatically immunize an attorney's performance from sixth amendment challenges"). "Counsel's errors with the jury instructions were not a strategic decision to forego one defense in favor of another. They were the result of a misunderstanding of the law." *United States v. Span*, 75 F.3d 1383, 1390 (9th Cir.1996).

Appellate counsel's failure to raise on direct appeal a claim of trial counsel's ineffectiveness is not so easily analyzed. Since trial counsel had not placed a contemporaneous objection to the jury instruction on the rec-

ord, the instruction could only have been attacked indirectly by arguing that trial counsel's failure amounted to ineffective representation in violation of the Sixth Amendment. Although Ohio law now requires such ineffectiveness claims to be brought on direct appeal when represented by new counsel, in the early 1970's, when Sanders' state court proceedings were going on, this was not the law in Ohio. *See Terrell v. Morris*, 493 U.S. 1, 2, 110 S.Ct. 4, 107 L.Ed.2d 1 (1989) ("Before *[State v.] Cole*, [2 Ohio St.3d 112, 443 N.E.2d 169 (1982) ], Ohio had permitted ineffective assistance claims in collateral challenges even if a petitioner had not raised those claims when represented by new counsel on direct appeal."). At that time, Sanders would have had the option of raising ineffectiveness on direct appeal or in post-conviction collateral proceedings. Therefore, it cannot be categorically assumed that ineffectiveness on the part of appellate counsel accounts for the failure to challenge trial counsel's effectiveness.

Once Sanders had taken his direct appeal, he was no longer constitutionally entitled to representation by counsel. Even presuming that Sanders himself knew he had a potential ineffectiveness of counsel claim which he could raise *pro se*, a presumption which this Court will not make, his incentive to pursue such claim only arose some 20 years later when the state conviction, whose sentence had by then been completely served, was going to be used to enhance a federal sentence under a federal law that also had not existed at the time Sanders was engaging in his state court proceedings.[23] By the time Sanders understood the significance of his potential ineffectiveness claim, he was precluded by the intervening *Cole* case from asserting the claim before any court of the State of Ohio, even after he had received notice from the government of its intention to seek a sentence under the ACCA. In this

**22.** In the context of Sanders' sentencing proceedings, this Court, relying on *Martin v. Ohio*, previously examined the relevant jury instructions and found them constitutionally infirm. Although the propriety of such review *during sentencing* was subsequently rejected by the Sixth Circuit in view of the intervening *Custis* decision, the Court of Appeals never said that the conclu-

sion itself was improper. Therefore, this Court now adheres to its original finding and conclusion with respect to the challenged jury instruction on self defense.

**23.** The ACCA was passed in 1984. *See* Pub.L. 98–473, Title II, Oct. 12, 1984, 98 Stat.2028.

Court's view, this constitutes "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 477 U.S. at 478, 106 S.Ct. 2639. Sanders, therefore, satisfies the "cause" prong of the test.

The actual prejudice prong of the test is very easily met. At least partly because of his inability to call into question his 1972 conviction for assault with a dangerous weapon, instead of being sentenced to 37 months imprisonment, Sanders was sentenced to 180 months. Therefore, this Court concludes that Sanders has met the cause and prejudice test sufficient to permit examination in the first instance of his claim that trial counsel's failure to contemporaneously challenge an erroneous self defense jury instruction amounted to ineffective assistance of counsel in violation of the Sixth Amendment.

 This Court previously determined that there was a constitutional infirmity in the self defense instructions of the trial court which was not harmless beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See* Order, November 22, 1993 (Docket No. 45); Order, November 29, 1993 (Docket No. 47). As noted above, although the Sixth Circuit ultimately concluded that the sentencing proceeding was an improper forum for addressing this issue, it did not overturn the actual finding. Therefore, there is no need to revisit the issue. For the reasons stated in the Orders of November 22, 1993 and November 29, 1993, this Court again concludes that the self defense instruction was constitutionally infirm. The question now is whether this constituted ineffective assistance of counsel.

The elements established by the Supreme Court for prevailing on an ineffective assistance of counsel claim are as follows: (1) the defendant "must show that counsel's representation fell below an objective standard of reasonableness" and (2) the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (prejudice to defendant from ineffective assistance must have made trial fundamentally unfair or unreliable). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. 2052.

This Court concludes that, had the jury been properly instructed with respect to the defense of self-defense, there is a "reasonable probability" that the outcome of the trial might have been different, that is, Sanders might have been acquitted of the charge of assault with a dangerous weapon. For this reason, even though Sanders has completely served the sentence he received as a consequence of the conviction, in this Court's view that conviction is sufficiently constitutionally suspect that it should *not* have been considered for enhancement purposes under the ACCA.

If the Court does not consider Sanders' conviction for assault with a dangerous weapon, then he does not have the requisite three violent felonies to receive a sentence of 180 months. He is entitled to be properly resentenced.

### III. CONCLUSION

For the reasons discussed above, the Court vacates Sanders' 180 months sentence imposed under the Armed Career Criminal Act and orders that he be brought before this Court for resentencing. The Court will schedule that resentencing by separate order.

IT IS SO ORDERED.