980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Amos SIMPSON, Petitioner-Appellant,
v.
Stephen SMITH, Warden, Respondent-Appellee.
 No. 91-6206.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1992.
 
 1
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Robert Amos Simpson appeals a district court judgment dismissing his petition for habeas corpus relief filed under 28 U.S.C. § 2254. The parties have briefed the issues.
 
 
 4
 Simpson is currently incarcerated in Kentucky pursuant to a 1989 conviction for first degree sexual abuse and for being a persistent felony offender in the second degree. Simpson's pro se petition contains the notation that the conviction under attack is a fully-served 1984 Kentucky conviction; the ground for relief, however, is clearly listed as an improper enhancement of the 1989 sentence based on the fully-served 1984 sentence. The magistrate judge to whom the matter was referred concluded that Simpson was not "in custody" under the 1984 sentence as required by 28 U.S.C. § 2254(a) and, citing Maleng v. Cook, 490 U.S. 488 (1989) (per curiam), recommended that the petition be dismissed. The district court adopted the recommendation over Simpson's objections.
 
 
 5
 Upon consideration, we believe the district court misconstrued the import of Maleng. In Maleng, the Supreme Court did hold that a prisoner seeking habeas corpus relief under 28 U.S.C. § 2254 did not meet the "in custody" requirement of 28 U.S.C. § 2254(a) in attempting to attack a fully-served state court conviction. The Court, however, gave the pro se pleading a liberal construction and concluded that the petitioner was "in custody" for purposes of attacking an impending state sentence allegedly improperly enhanced by the fully-served sentence. Similarly, we believe that Robert Simpson's petition should be afforded the same liberal construction in the case at bar. We offer no opinion as to the merits of the petition; we hold only that Simpson is "in custody" for purposes of attacking the constitutionality of his 1989 conviction. Respondent's suggestion, that Simpson's subsequent § 2254 petition renders this case moot, is of no moment. Examination of the second petition reflects that different issues are involved.
 
 
 6
 Accordingly, the district court's judgment is vacated and the cause is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation