**Kenneth CLEMONS, Petitioner,**

v.

**Jake MENDEZ, Respondent.**

**No. 00–CV–70274–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 29, 2000.

Kenneth Clemons, White Deer, PA, petitioner pro se.

David J. Debold, A.U.S.A., Detroit, MI.

### OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

DUGGAN, District Judge.

On February 2, 2000, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1977 state court conviction for breaking and entering as being unconstitutional. Petitioner, however, is no longer incarcerated under his 1977 conviction. Instead,

Petitioner is currently in federal custody, serving a fifteen year sentence for felon in possession of a firearm. Petitioner's 1977 state court conviction was used to enhance his federal sentence on the felon in possession conviction under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). In an attempt to attack the enhancement of his federal conviction, Plaintiff now seeks to have the 1977 state court conviction declared unconstitutionally invalid. Petitioner has also moved for an emergency hearing regarding his petition, or in the alternative, an evidentiary hearing.

Petitioner's § 2254 action, however, must be dismissed for two reasons:

■ (1) In bringing this § 2254 action, Petitioner has named, as Respondent, the warden of the federal institution where he is presently incarcerated. A § 2254 petition must allege that the petitioner is in custody pursuant to a judgment of the state court in violation of the Constitution or laws or treaties of the United States and must name as the respondent, the appropriate "state official." [1] Because Petitioner has not named as a respondent, the appropriate "state official," his § 2254 petition must be dismissed.

■ (2) Even if Petitioner had named the appropriate "state official," his § 2254 petition must be dismissed because Petitioner is no longer "in custody" under the 1977 state conviction he wishes to challenge. "A § 2254 habeas petitioner must be 'in custody' when the application for habeas corpus relief is filed in order to vest the district court with jurisdiction over his petition." *Schilling v. Franklin County Adult Probation,* No. 98–4002, 1999 WL 282659 at *1 (6th Cir. Apr.30, 1999); *see also King v. Bell,* No. 98–5997, 2000 WL 1091485 (6th Cir. July 27, 2000); *Starks v. Straub,* No. 96–1044, 1997 WL 468325 (6th Cir. Aug.13, 1997). "[A]fter a

---

1. In most cases, the appropriate state official will be the warden of the facility in which the inmate is then incarcerated. However, it may at times be appropriate to name as a respondent, another "state official," e.g., the state attorney general. *See* Rule 2, Rules Governing § 2254 Cases.

petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render him 'in , custody' under § 2254(a)." *Id.* (citing *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989)).

The Court recognizes that it is not necessary that Petitioner be in actual physical state custody to be entitled to seek relief under § 2254. For example, a petitioner who is on parole is deemed to be "in custody" for the purpose of bringing a § 2254 petition. *See Starks*, 1997 WL 468325 at *2. Similarly, a petitioner who, although in actual federal custody, has a state court detainer placed against him for a sentence to be served after release from federal prison is deemed to be "in state custody" for the purposes of bringing a § 2254 petition. *See Maleng*, 490 U.S. at 493–94, 109 S.Ct. at 1926–27. However, where the state court sentence for the challenged conviction has completely expired, a petitioner is no longer "in custody" for § 2254 purposes. *See Starks*, 1997 WL 468325 at *2. In this case, it is undisputed that the terms of Petitioner's 1977 state court conviction have completely expired. "[O]ne ceases to be in custody after one's sentence has fully expired." *Webb v. Parker*, No. 94–5650, 1995 WL 39528 (6th Cir. Feb.1, 1995).

Petitioner, however, contends that this Court should construe his *pro se* petition liberally as not attacking his 1977 state court conviction, for which he is no longer "in custody;" but rather as challenging his current federal conviction and sentence pursuant to which he is in custody. (Pet'r 3/30/00 Resp. at 1). The Sixth Circuit has recognized that:

> If the petitioner is in custody under a second conviction and that conviction's sentence was enhanced by virtue of the prior conviction, the petitioner can challenge the legality of the prior conviction through a federal habeas challenge to the second conviction. In order to meet the "in custody" requirement, the petitioner is deemed to be challenging his current sentence and petitioner can argue that his present sentence is improper because it was enhanced by the prior, unconstitutional conviction.

*Schilling*, 1999 WL 282659 at *1 (internal citations omitted); *see also King*, 2000 WL 1091485; *Starks*, 1997 WL 468325; *Simpson v. Smith*, No. 91–6206, 1992 WL 341003 (6th Cir. Nov.23, 1993). Consistent with this approach, many courts have liberally construed such petitions as attacking the second conviction under which the petitioner was actually "in custody" at the time the § 2254 petition was filed instead of the allegedly unconstitutional conviction itself. *See Schilling*, 1999 WL 282659; *Starks*, 1997 WL 468325; *Webb*, 1995 WL 39528; *Simpson*, 1992 WL 341003. However, in all of these cases, the petitioner was in *state* custody at the time he filed his petition.

Because Petitioner is currently "in custody" pursuant to a federal conviction and sentence, Petitioner's reliance on *Maleng* is misplaced. In *Maleng*, petitioner was challenging his second *state* conviction, contending that it was "improperly" enhanced because of a constitutionally invalid first state conviction. Even though the petitioner in *Maleng* was *actually* incarcerated at a federal prison at the time he filed his petition, the court concluded that he was "in [state] custody" at the time he filed his petition because of a state detainer that had been placed, the effect of which would require the petitioner to commence his sentence on the second state conviction upon release from his federal sentence. *See Maleng*, 490 U.S. at 493–94, 109 S.Ct. at 1926–27. Because he was deemed to be in state custody at the time he filed his petition, the petitioner could proceed on a § 2254 petition to challenge the enhancement of the sentence on his second conviction caused by the allegedly constitutionally invalid first conviction. In this case, Petitioner is not in state custody; he is only in custody as a result of the federal conviction and sentence.

Thus, Petitioner's only remedy would be a proceeding pursuant to 28 U.S.C. § 2255; not a proceeding pursuant to § 2254. *See Hampton v. Zavaras,* No. 00–1067, 2000 WL 1335333 (10th Cir.2000).

This Court shall decline Petitioner's invitation to construe his § 2254 petition liberally as attacking his current federal conviction and sentence instead of his 1977 state conviction. The Court also declines to construe this petition as a petition brought pursuant to § 2255 because:

(1) It is clear that Petitioner intended to bring this petition pursuant to § 2254, not § 2255.

(2) If this petition were considered to be a § 2255 petition, the United States Attorney contends that this Court could not entertain such petition until "permission" to do so was granted by the Sixth Circuit because the petition would be a second or successive § 2255 petition.[2]

In dismissing Petitioner's § 2254 petition, this Court makes no ruling as to whether Petitioner can collaterally attack the constitutionality of his 1977 state court conviction through a petition filed pursuant to 28 U.S.C. § 2255.

Accordingly, for the reasons stated above,

**IT IS ORDERED** that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED,** and

**IT IS FURTHER ORDERED** that Petitioner's motions for an emergency and/or evidentiary hearing are **DENIED AS MOOT.**

---

**2.** Furthermore, if this petition were brought pursuant to § 2255, it would have to be heard by the judge who presided over the federal court conviction for which Petitioner is presently in custody or his successor. Thus, this case would have to be reassigned.